IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN CHRISTIAN MURRAY, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-15-1493 |
| | : | |
| JOHN TUTTLE, | : | (Judge Brann) |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

February 8, 2017

**Background**

This pro se petition for writ of habeas corpus was filed by Shawn Christian Murray. Named as Respondent is Chairman John Tuttle of the Pennsylvania Board of Probation and Parole (Parole Board).[1]

Murray states that he was convicted of terroristic threats in the Court of Common Pleas of Franklin County, Pennsylvania on January 7, 2010 , (No. 1694 of 2009. Murray was sentenced to a six (6) to twelve (12) month term of

---

[1] The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. Murray has been released from confinement and is residing in Fayetteville, Pennsylvania.

1

confinement and a 36 month term of probation that same day.  Petitioner indicates that his probation in the above matter was subsequently violated and he was resentenced on December 18, 2013.

Following an appeal to the Superior Court of Pennsylvania, the probation violation sentence was vacated on June 24, 2014 and the case remanded for resentencing.  On August 13, 2014, Petitioner states that he was resentenced to serve a nine (9) to sixty (60) month probation violation term with credit for time served.  Murray did not pursue a state court appeal of the resentencing.

Petitioner's pending action contends that the resentence did not award him the "full time credit he is entitled to" and constitutes "an aggregate illegal sentence exceeding the statutory minimum."  Doc. 1, p. 2.  Murray adds that his present argument was included in his direct appeal to the Superior Court.

Following service of the petition, the Respondent filed a motion to dismiss Petitioner's action for failure to exhaust state remedies, noting that Murray still has adequate available state court remedies.  See doc. 10.  Petitioner has opposed the request for dismissal.

**Discussion**

A § 2254 habeas corpus petition may be brought by a state prisoner who

seeks to challenge either the fact or duration of his confinement in prison. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 486-87 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." <u>Leamer v. Fauver</u>, 288 F.3d 532, 540 (3d Cir. 2002). More recently, in <u>Suggs v. Bureau of Prisons</u>, Civil No. 08-3613, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

Respondent contends that following Murray's August 13, 2014 resentencing, he did not file a post-sentence motion or an appeal to the Superior Court. Petitioner also did not challenge the legality of the August 13, 2014 resentence via a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).[2] As a result, respondent concludes that Petitioner never exhausted his available remedies under Pennsylvania state law and that his procedurally defaulted claims should not be entertained by this Court.

---

[2] <u>See</u> 42 Pa. Cons. Stat. Ann. § 9541 <u>et</u> <u>seq.</u> The PCRA "permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions." <u>Hankins v. Fulcomer</u>, 941 F.2d 246, 251 (3d Cir. 1991).

Petitioner counters that he did everything possible to comply with the exhaustion of state remedies requirement and that his pending claims were incorporated within his direct appeal from his December 18, 2013 sentencing. As such, Murray contends that the merits of his habeas petition were fairly presented to the Superior Court and should be considered.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court cannot be granted unless the applicant has exhausted the remedies available in the courts of the State; there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective.[3] The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner shall not be deemed to have

---

[3] However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

4

exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001).

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" Woodford v. Ngo, 548 U.S. 81, 92 (2006) (internal citations omitted); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The United States Supreme Court in O'Sullivan explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." Id. at 847. The Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, it must be determined not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. See id. at 848.

5

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim are submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. Evans v. Court of Common Pleas, 959 F. 2d 1227, 1230 (3d Cir. 1992); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. Evans, 959 F.2d at 1230.

When a claim has not been fairly presented to the state courts but further state-court review is clearly foreclosed under state law, exhaustion is excused on the ground of futility. See Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is procedurally defaulted, not unexhausted. A federal habeas court cannot review a procedurally defaulted claim, "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the

judgment." Beard v. Kindle, 558 U.S. 53, 55 (2009). Procedural default can only be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

As previously discussed, Petitioner's pending action claims entitlement to federal habeas corpus relief on the grounds that an illegal resentence was imposed because and he received ineffective assistance of counsel. Given Murray's admission that he did not file a appeal of the August 13, 2014 resentencing and did not seek relief under the PCRA, his pending claims are clearly unexhausted. Petitioner's argument that he previously raised similar contentions before the Superior Court with respect to his earlier December 8, 2013 sentencing is not compelling. Given Petitioner's claim that the August 13, 2014 resentencing was improper, he should have initially sought relief from the Superior Court prior to seeking federal habeas corpus review. By not doing so, he deprived the Superior Court of an initial opportunity to correct any violation of his rights.

Furthermore, Petitioner admits that he has made no attempt whatsoever to present any challenge to the August 13, 2014 resentencing to the Pennsylvania state courts. There is a potential that any such attempt by Petitioner to seek relief

7

would be rejected by the state courts. However, this Court cannot anticipate what disposition would be undertaken by the Pennsylvania state courts and the exhaustion requirement serves the interests of comity between the federal and state systems by allowing the state courts an initial opportunity to determine and correct any violations of Murray's federal rights. <u>Gibson</u>, 805 F.2d at 138. Based upon those considerations, this Court agrees with Respondent's argument that the Petition is subject to dismissal on the basis of non-exhaustion of state remedies. [4]

In conclusion, since Murray failed to exhaust his state court remedies, this matter will be dismissed. An appropriate Order will enter.

BY THE COURT:

  s/   Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4] In the event that the Pennsylvania state courts were to find that Murray's present claims have been procedurally defaulted, upon returning to federal court Petitioner would have to show cause and prejudice or that a fundamental miscarriage of justice would result in order for the procedural default to be excused.